UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vernon Harrison, | ) C/A No. 4:13-1004-TLW-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Stevenson, Warden | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner, Vernon Harrison (Petitioner/Harrison), is currently incarcerated at McCormick Correctional Institution. Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on April 16, 2013. Respondent filed a motion for summary judgment on January 27, 2014, along with a return, supporting memorandum, and exhibits. (Docs. #21 and #22). The undersigned issued an order filed January 27, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #23). After receiving an extension, Petitioner filed a response to Respondent's motion for summary judgment on April 7, 2014.

### I. PROCEDURAL HISTORY

The procedural history as set out by the Respondent has not been disputed by the Petitioner. Therefore, the undisputed procedural history as stated by the Respondent is set forth herein, quoted

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

verbatim, in part.

Petitioner is currently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Richland County. Petitioner was indicted by the Richland County Grand Jury during the January 2008 Term of the Richland County Court of General Sessions for one count of Murder (2008-GS-40-12141). Petitioner was represented by Deon O'Neil, Esquire, and Nicole Singletary, both Assistant Public Defenders for Richland County. The State was represented by Assistant Solicitors Luck Campbell and Aaron Joplin, both of the Fifth Judicial Circuit. On March 9, 2009, Petitioner waived his right to a trial by jury and pleaded guilty to the lesser included offense of Voluntary Manslaughter before the Honorable J. Michelle Childs, Circuit Court Judge. Judge Childs sentenced Petitioner to thirty years confinement for the voluntary manslaughter conviction. (App. 40). Petitioner did not file a direct appeal.

**Post-Conviction relief action and appeal**

On March 8, 2010, Petitioner filed an application seeking post-conviction relief ("PCR"). (App. 42-51). Petitioner alleged trial counsel was ineffective for failing to object to the court's personal jurisdiction to act upon the indictment, and involuntary plea because he was not properly indicted on the charge to which he pleaded guilty.

An evidentiary hearing in this PCR action was held before the Honorable James R. Barber, Circuit Court Judge, on August 29, 2011. (App. 56-78). Petitioner was present and was represented by Charles T. Brooks, III, Esquire.  The State was represented by Assistant Attorney General Brian Petrano. The PCR Court filed its Order of Dismissal on December 14, 2011. (App. 79-87).

Petitioner timely served and filed a notice of appeal on December 13, 2011. (Attachment No. 4). On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 5). Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Johnson[2] Petition for Writ of Certiorari. (Attachment No. 5). In the Johnson Petition, counsel argued plea counsel was ineffective in failing to properly investigate Petitioner's case. Petitioner filed a *pro se* Petition for Writ of Certiorari. (Attachment No. 8). In the *pro se* Petition, Petitioner contended plea counsel was ineffective in failing to move to dismiss the indictment arguing Petitioner was entitled to immunity under the Protection of Persons and Property Act.

By Order filed April 5, 2013, the PCR appeal was dismissed by the South Carolina Supreme Court. (Attachment No. 9). After consideration of the record as required by Johnson v. State, 294 S.C. 310 294 S.C. 310, 364 S.E.2d 201 (1988), the Supreme Court denied the petition and granted counsel's request to withdraw. The Remittitur was issued on April 23, 2013. (Attachment No. 10).

## II.  HABEAS ALLEGATIONS

Petitioner filed his petition in which he raises the following allegation:

GROUND ONE:        Ineffective Assistance of Counsel

Supporting Facts:   Counsel never told me about the Protection of Persons and Property Act if I had known about it I would not have gone to trial being that I was attacked in my home. Considering Solicitor Joplin's statement on the facts (App. p. 27, Line 14- p. 28 Line 15) I clearly was not the aggressor.

(Petition).

---

[2] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201(1988).

3

### III.  STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id.  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).  Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### IV. PROCEDURAL BAR

4

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with

5

state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## V.  ANALYSIS

In his habeas petition, Petitioner argues that "counsel never told me about the Protection of Persons and Property Act . . . " (Petition). Respondent argues that Petitioner's claim in Ground One was procedurally defaulted in state court and is therefore barred from federal habeas review.

A review of the transcript from the PCR hearing and the PCR order reveals that this issue was not ruled upon by the PCR court. While the Petitioner stated at the hearing that counsel did not discuss the applicability of the Protection of Persons and Property Act,[3] the issue was not addressed in the PCR court's Order of Dismissal. Even if the issue was raised but not ruled upon, Petitioner failed to request a ruling pursuant to Rule 59(e), SCRCP. Failure to do so results in a procedural bar. Marla v. State, 375 S.C. 407, 653 S.E.2d 266 (S.C. 2007). Therefore, this claim is procedurally barred from federal habeas corpus review. Coleman, 501 U.S. 722 (holding issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas). Petitioner has not demonstrated cause and prejudice for his procedural default of this claim.

---

[3] Protection of Persons and Property Act creates a presumption of reasonable fear of imminent peril of death or great bodily injury to a person who uses deadly force if he is attacked by or attempting to remove another from a dwelling, residence, or occupied vehicle; however, such presumption does not apply if the victim has an equal right to be in the dwelling or residence. S.C. Code 1976, §16-11-440 (A, B). It is a procedural subsection under which the circuit court may grant immunity from prosecution before a trial begins if the court finds the defendant acted lawfully in self-defense. State v. Marin, 404 S.C. 615, 745 S.E.2d 148 (S.C. App. July 3, 2013).

6

The issue of ineffective assistance of counsel for failing to present a self-defense claim[4] was discussed at the PCR hearing and addressed in the PCR order.  Therefore, alternatively, in the event the district judge finds the claim not procedurally defaulted, the merits of his claim-counsel's failure to discuss the Protection of Persons and Property Act- will be addressed below.

If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell

---

[4] In a case in which a murder defendant claims immunity under the Protection of Persons and Property Act, a valid case of self-defense must exist, and the trial court must necessarily consider the elements of self-defense in determining the defendant's entitlement to immunity, including all elements of self-defense save the duty to retreat. See State v. Curry, 406 S.C. 364, 752 S.E.2d 263, 266 (2013).

7

below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Supreme Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

At the PCR hearing, Petitioner testified that counsel was ineffective for failing to properly inform him about the Protection of Persons and Property Act. The following colloquy took place

8

during Petitioner's testimony at PCR:

> A: Because counsel didn't inform me about my Protection of Personal Property Act; that it was–that I qualified for that. I had concerns about that from the beginning, and they never were followed up.
>
> Q: Okay.
>
> A: And–
>
> Q: Tell the Court what–how does that impact your case?
>
> A: Because I would have insisted on going to trial. I would have never took a plea.
>
> Q: Okay
>
> A: I was—
>
> Q: And let me help you out here, Vernon. Are you saying that you had a self-defense argument?
>
> A: Yes, sir.
>
> Q: Okay. And why do you think you had a self-defense argument in your cases?
>
> A: Because I was attacked in my home.
>
> Q: Okay. And you told your lawyer all of these facts?
>
> A: Yes, sir.
>
> Q: Okay. And how did it come about this that you ended up pleading guilty as opposed to going to trial?
>
> A: Because I was basically forced to plead because no investigation was done into the self-defense.

(Tr. 60-61).

Upon cross-examination, Petitioner testified that he shot the victim once in the back and twice in the front of his body. (Tr. 64). Petitioner testified that the victim attacked him in his home

so he fired three shots until the felt like the danger had ceased and then he panicked and left. Petitioner admitted that the gun jammed while he was firing shots.

Plea counsel testified that he talked to Petitioner about a self-defense argument, but advised him to plead guilty instead of going to trial. Counsel testified that he recommended that he plead guilty because Petitioner shot the victim in the back stating, "[w]e discussed self-defense probably one of the first times I talked to Mr. Harrison here, and I told him two of the problems we had with self-defense was that the individual–the victim was shot in the back and also Mr. Harrison's actions after the incident occurred here, him leaving the scene." (Tr. 69). Additionally, Counsel stated that based on reconstruction of the facts, a self-defense argument was not plausible because of the trajectory of the entry wound in the back. The State had its reconstruction evidence and counsel engaged an independent expert who looked at the shot in the back and the trajectory evidence, and opined that the victim was on the ground at the time he was shot in the back. (Tr. 69). Counsel stated that "[b]asically, what he (expert) told me, based on the trajectory, that the victim had to be crawling away from whoever shot him at the time it happened." Plea counsel also testified that he and Petitioner actually did a re-enactment on the Friday before his trial. Counsel testified that Petitioner had told him that the only way the victim could have been shot in the back was that the first two shots caused him to spin around. Counsel discussed this with his expert who stated that "based on the trajectory of the bullet entry wound in the victim's back, that would not be consistent with the victim standing up and being turned–twisted around by a gunshot wound. The only thing that would be consistent with is the victim laying down on the ground and being shot." (Tr. 72). Counsel testified that he explained the ramifications of all of the evidence to Petitioner and advised him to plead guilty.

The PCR court found the following:

> . . . The Applicant explained that he understood the risks of proceeding (resurrecting original murder charge). The Applicant testified that plea counsel never followed up on his self-defense claim. The Applicant testified that he only met with plea counsel a few times, probably about 30 minutes each time. The Applicant explained that plea counsel would not investigate a supposed witness who would testify as to the victim's character. The Applicant explained that his father would testify at trial in support of the Applicant.[5]
>
> Plea counsel testified that the State's case was that the victim was shot in the back. Plea counsel explained that they were set for trial, but that the Applicant spoke to this family and decided to take the plea deal. Plea counsel's position was that, at best, this was a heat of passion case but that he risked a murder conviction. (Plea transcript, p. 33). Plea counsel explained that self-defense did not really work. Plea counsel explained that he and the Applicant discussed the situation and that they even tried to reenact the scene. Plea counsel testified that the Applicant at one point tried to claim that the victim was spinning around (to explain shot(s) to the back). Plea counsel explained that they had an expert and that the expert explained that the only way to support the angles of the shots was if the victim was on the ground, crawling away. Plea counsel explained that the Applicant did tell him that his father's story, if they went to trial, would support the Applicant. However, plea counsel discussed this with the State who explained that although the father was an eyewitness with multiple stories; their position was that he would ultimately support the State's case. Plea counsel disagreed with the applicant and explained that they met more than two (2) times.

(Tr. 83-84).

The PCR court concluded that Petitioner's testimony was not credible and plea counsel's testimony was credible. The PCR court found that Plaintiff failed to prove the first and second prongs of Strickland. The PCR court stated as follows:

---

[5] Petitioner's father had given the State a statement against Petitioner, but Petitioner thought his father would change his story at trial when he testified to support Petitioner.

> The Applicant's failure to satisfy his burden of proof is due to the fact that the plea transcript is a valid record of the Applicant's waiver. He was set for trial but decided to accept the plea offer, he expressed his satisfaction with the arrangement at the time. He has not demonstrated, as is his burden, that plea counsel's performance was deficient for advising the Applicant to accept the plea offer.

(Tr. 86).

The PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. A presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, the undersigned recommends that the Respondent's motion for summary judgment be granted.[6]

## VI. CONCLUSION

---

[6] A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true.  The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific).  "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #22) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 30, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**