IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vernon Harrison, | ) | Case No.: 4:13-cv-01004-TLW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Stevenson, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER

This matter comes before the Court on Petitioner Vernon Harrison's Motion pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. In his motion, Petitioner asks the Court to reconsider, in light of his objections, its Order accepting Magistrate Judge Roger's R&R, granting the Respondent's Motion for Summary Judgment, and denying the Petitioner's Petition for Writ of Habeas Corpus. (Docs. #40, 34, 37).

On April 16, 2013, the Petitioner, Vernon Harrison, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. #1). Respondent filed a Return and Memorandum and Motion for Summary Judgment on January 23, 2014. (Docs. #21, 22). Petitioner file a timely Response in Opposition. (Doc. #29). This matter previously came before this Court for review of the Report and Recommendation ("Report") filed by Magistrate Judge Thomas E. Rogers, to whom this case was previously assigned. (Doc. #31). In the Report, the Magistrate Judge recommended that the Court grant the Respondent's Motion for Summary Judgment and deny the Petition for Writ of Habeas Corpus without an evidentiary hearing. (Id.).

1

After careful consideration of the Report, the Court entered an Order accepting the Report on June 27, 2014, granting summary judgment to the Respondent and denying the § 2254 petition. (See Docs. #31, 37). Objections to the Report were due on May 19, 2014. Petitioner's objections were filed five days after the objection deadline, on May 23, 2014; however, Petitioner asserts that the objections were timely mailed on May 19, 2014. (See Doc. #34). As a result, the Court has now carefully reviewed its order and this case in light of the objections subsequently filed by the Petitioner. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review, the Court hereby **OVERRULES** the objections. (Doc. #39). The Court affirms its previous order accepting the R&R, granting summary judgment, and denying the § 2254 petition. (Doc. #37).

**IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

September 29, 2014
Columbia, South Carolina

2